UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY C. FRANKLIN,

                Plaintiff,

v.                                        Case No. 18-cv-1730-pp

DR. JEFFREY MANLOVE, et al.,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4), GRANTING *NUNC PRO TUNC* PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE (DKT NO. 9) AND DENYING AS MOOT PLAINTIFF'S REQUEST TO USE FUNDS FROM RELEASE ACCOUNT TO PAY THE FEE (DKT. NO. 8)**

---

        The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that defendants violated his civil rights. He also filed a motion asking the court to recruit a lawyer to represent him on a volunteer basis. Additionally, the plaintiff filed a motion under 28 U.S.C. §1915, asking for permission to proceed with his case without prepaying the full $350 filing fee.

I.    **Motion to Appoint Counsel**

        The plaintiff has asked the court to recruit a lawyer for him because he is unable to afford a lawyer, he has limited education, and he has developmental delays as a result of lead exposure when he was a child. Dkt. No. 2. He also states that he will need expert witnesses to prove his claim. Id.

        In a civil case, the court has the discretion to recruit counsel for individuals unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, the plaintiff must make reasonable efforts to

hire counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff demonstrates that he has made those efforts, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

While the exhibits to his motion demonstrate that the plaintiff has satisfied the first requirement under Pruitt to make reasonable efforts to hire a lawyer on his own, dkt. no. 4-1 at 1-3, the court will not grant the plaintiff's motion at this time. The court believes that the plaintiff is capable of participating in discovery and responding to a dispositive motion. The plaintiff's filings have been thorough, easy to understand, straightforward and organized. His motion to appoint counsel contained several exhibits that were logically organized and informative. Based on the plaintiff's ability to communicate with the court, it believes he can handle the initial stages of litigation on his own.

If, after screening his complaint, the court allows plaintiff to proceed on any of his claims, the court will direct the defendants to respond to the complaint. Once the defendants have done so, the court will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions. At that point, the plaintiff may ask the defendants to answer his interrogatories

(written questions) and produce any reports, records or documents that he thinks he needs to prove his claims. Federal Rules of Civil Procedure 33, 34. A person does not need legal training to ask the other side questions about his case, or to ask for documents that he believes will help him prove it.

If circumstances change or the plaintiff encounters obstacles that he does not believe he can handle on his own, he may renew his motion and the court will consider it at that time.

## II. Motions for Extension to Pay the Initial Filing Fee and Use Funds from His Release Account

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. That law requires the plaintiff to pay an initial partial filing before the court will consider whether to allow him to proceed without prepayment of the full filing fee.

On October 31, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $8.88. Dkt. No. 6. A few weeks later, the court received from the plaintiff a motion asking to use his release account to pay the initial partial filing fee. Dkt. No. 8. The motion stated that he had sufficient funds in his release account to pay the fee, but that Waupun Correctional Institution would not allow him to use his release account. Id. at 1. A week after the court received that motion, it received a motion from the plaintiff requesting a fourteen-day extension to pay the initial partial filing fee because his motion requesting to pay out of his release account remained pending. Dkt. No. 9 at 1.

The court will deny as moot the plaintiff's motion for leave to use his release account funds to pay the initial partial filing fee. On December 5, 2018, the court received a letter from the plaintiff, explaining that his prison advocate had agreed to pay the initial partial filing fee on his behalf, rather than making

3

him wait for this court's ruling. Dkt. No. 10. The next day, the court received the initial partial filing fee. Given that, the court will grant the plaintiff's request for an extension of time, and will retroactively (or *nunc pro tunc*) extend the deadline for him to pay the initial partial filing fee to December 6, 2018.

### III. CONCLUSION

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court **DENIES AS MOOT** the plaintiff's request to use funds from his release account to pay the fee. Dkt. No. 8.

The court **GRANTS *nunc pro tunc*** to December 6, 2018, the plaintiff's motion to extend the deadline for him to pay the initial partial filing fee. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**