UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY C. FRANKLIN,

       Plaintiff,

v.                 Case No. 18-cv-1730-pp

JEFFREY MANLOVE, CHRYSTAL MELI,
and BRIAN FOSTER,

       Defendants.

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL BUT DENYING MOTION TO STAY PROCEEDINGS (DKT. NO. 104) AND EXTENDING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

  The plaintiff in this civil rights case filed his complaint in October 2018; the case has been pending three and a half years. Several times, he asked the court to appoint an attorney to represent him. See, e.g., Dkt. Nos. 4, 19, 26. On December 19, 2019, Magistrate Judge William E. Duffin granted the plaintiff's fourth request to appoint counsel and told the plaintiff that it might take some time to find an attorney to represent him. Dkt. No. 37 at 2. Judge Duffin's prediction was accurate; it took about five months for the court to find lawyers who were available and willing to represent the plaintiff. But on May 1, 2020, Judge Duffin signed a request for representation, asking Attorney Maria DelPizzo Sanders of von Brisen & Roper, S.C. and Attorney Daniel Sanders of Hart Powell, S.C. to represent the plaintiff on a volunteer basis. Dkt. No. 51.

Counsel represented the plaintiff through the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 69. The court granted that motion and dismissed two defendants from this action. Dkt. No. 89.

On March 21, 2022, the remaining defendants filed a motion for summary judgment on the merits. Dkt. No. 91. Under Civil Local Rule 56(b)(2) (E.D. Wis.), the plaintiff's opposition brief and supporting materials were due within thirty days of service of the motion—by April 20, 2022. But on April 19, 2022, the parties filed a stipulation extending the plaintiff's deadline to respond to the motion to May 4, 2022. Dkt. No. 99. The court approved that stipulation. Dkt. No. 100. On the May 4, 2022 deadline, the court received from the parties a second stipulation extending the deadline; the court approved this stipulation. Dkt. Nos. 102, 103. As a result, the plaintiff's response to the defendants' motion was due May 10, 2022.

But on May 9, 2022, Attorneys Sanders and Sanders filed a motion to withdraw from representing the plaintiff and to stay the proceedings. Dkt. No. 104. Counsel aver that they "have been in discussions with Mr. Franklin concerning the most appropriate response to be filed with the Court." Id. at ¶4. Counsel say that the plaintiff "does not agree with the manner in which his attorneys advise him to proceed and has decided to either return to representing himself *pro se* in this action or to seek alternate counsel." Id. at ¶5. Citing "a breakdown in the attorney/client relationship," counsel say there exists good cause to allow them to withdraw. Id. at ¶¶6–7.

The court has the discretion to determine whether substitution of counsel is appropriate. See Lewis v. Lane, 816 F.2d 1165, 1169 (7th Cir. 1987) (citing United States v. Morris, 714 F.2d 669, 673 (7th Cir. 1983), and United States v. Mills, 597 F.2d 693, 700 (9th Cir. 1979)). Because it appears the relationship between the plaintiff and his attorneys is irreparably broken, the court will grant the motion and allow the Sanders's to withdraw as counsel for the plaintiff. But the court will not recruit new counsel for the plaintiff. "'There are too many indigent litigants and too few lawyers willing and able to volunteer'" to represent them. See Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). The plaintiff has a right to decline to follow his attorneys' advice and to disagree with their litigation strategy, but the court does not have the luxury of appointing successive attorneys until an indigent civil plaintiff finds one who agrees with him. It took five months for the court to find the Sanders's, both of whom are experienced litigation and trial lawyers.

The court will grant counsels' motion to withdraw and will terminate them as counsel for the plaintiff. The plaintiff will return to *pro se* status and will be responsible for representing himself going forward. The court will send all further correspondence to the plaintiff at Kettle Moraine Correctional Institution.

Counsel also ask the court to stay all proceedings for thirty days "to protect Mr. Franklin's interest and to allow time for him to either secure new counsel or respond to the pending motion *pro se*." Dkt. No. 104 at ¶8. The

court will not stay the proceedings but it will provide the plaintiff an extra thirty days to respond to the defendants' motion for summary judgment. The plaintiff must file his opposition brief and supporting materials in time for the court to *receive* them by the end of the day on **June 24, 2022**.

The plaintiff must respond to each of the defendants' proposed findings of fact (Dkt. No. 92), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. The plaintiff also must respond to the legal arguments in the defendants' brief (Dkt. No. 98) by explaining why he disagrees with those arguments.

If the court has not received the plaintiff's opposition brief and supporting materials by the end of the day on June 24, 2022, the court has the authority to treat the defendants' motion as unopposed, accept all facts asserted by the defendants as undisputed and decide the motion based only on

---

[1] If the plaintiff decides to file an unsworn declaration, at the bottom of the declaration the plaintiff should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

the arguments in the defendants' brief, without any input from the plaintiff. That means that the court likely will grant the defendants' motion and dismiss the case.

The court **GRANTS** attorneys Maria del Pizzo Sanders' and Daniel H. Sanders' motion to withdraw as counsel. Dkt. No. 104. The court will send all further correspondence to the plaintiff at Kettle Moraine Correctional Institution.

The court **DENIES** the plaintiff's motion to stay the proceedings. Dkt. No. 104.

The court **ORDERS** that the time for the plaintiff to respond to the defendants' motion for summary judgment is **EXTENDED** until the end of the day on **June 24, 2022**. If by the end of that day, the court has not received either the plaintiff's response to the defendants' motion for summary judgment or an explanation for why he cannot timely file a response, the court will treat the defendants' motion as unopposed and will rule on it without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 17th day of May, 2022.

                **BY THE COURT:**

                _____
                **HON. PAMELA PEPPER**
                **Chief United States District Judge**